UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:08-cr-00215

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | |
| JAMES WINTONS, ) | |
| ) | ORDER |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant James Wintons' request seeking release to home confinement under the Coronavirus Aid, Relief, and Economic Security (CARES) Act. Pub. Law No. 116-236, 134 Stat 281 (eff. Mar. 27, 2020). (Doc. Nos. 57, 60).

## I. BACKGROUND

A grand jury charged Wintons with possession of a firearm by a felon, and he pleaded guilty to that charge pursuant to a plea agreement in 2009. (Doc. Nos. 1, 9-10). This Court sentenced Wintons as an armed career criminal to 184 months of imprisonment. (Doc. Nos. 39-40). The Fourth Circuit affirmed his conviction. United States v. Wintons, 468 F. App'x 231 (4th Cir. 2012).

Wintons filed the present request for home confinement under the CARES Act. (Doc. No. 57). According to Wintons, he has a low PATTERN score, has not had any disciplinary incidents since January 2019, and has completed numerous programs while incarcerated. Id. Winton seeks relief from his sentence, citing the coronavirus and his desire to help care for his grandmother. Id.

1

He states that, if released to home confinement, he has access to stable housing and prospects for employment. Id.   Wintons is scheduled to be released from custody on December 16, 2021.[1]

On June 23, 2020, Wintons filed a letter with additional information, including a May 5, 2020, response from the Warden denying his request for home confinement. (Doc. No. 60). In that response, the Warden states: "You are not eligible for the CARES Act and Home Confinement due to your Low Risk Recidivism Level in the Pattern System, and your Prior history of Violence, where you robbed someone with a dangerous weapon (5 counts)." Id. at 2.

## II.     DEFENDANT'S REQUEST FOR HOME CONFINEMENT

Defendant requests the Court release him to home confinement. The Court does not have the authority to direct BOP to place a defendant in home confinement.  See 18 U.S.C. § 3621(b); see also United States v. Harless, No. 20-6994, 2021 WL 2311463 (4th Cir. June 7, 2021) ("[[T]he district court correctly concluded that it lacked authority to order [the defendant's] release to home confinement, insofar as she sought relief under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020)." (citing United States v. Saunders, 986 F.3d 1076, 1078 (7th Cir. 2021)); see also Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) ("[D]efendant suggests the CARES Act provides legal authority for the court to order home confinement…. This provision does not authorize the court to order defendant's placement in home confinement.").  A court has no authority to designate a

---

[1] https://www.bop.gov/inmateloc/ (visited October 27, 2021).

prisoner's place of incarceration. United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request; the Court is without jurisdiction to do so.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant James Wintons' motions seeking release to home confinement (Doc. Nos. 57, 60) are DENIED.

IT IS SO ORDERED.

Signed: October 27, 2021

Frank D. Whitney
United States District Judge